EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.C., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; PATRICK | ) |
| POOLE, in his individual capacity; ISAAC | ) |
| VENEGAS, in his individual capacity; | ) |
| DARRELL SMITH, in his individual capacity; | ) |
| RAY GARCIA, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1.      Plaintiff M.C. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly five years.

2.      While housed at FCI Dublin, Plaintiff M.C. faced constant sexual harassment, culminating in multiple instances of sexual abuse.

*M.C. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff M.C. is experiencing long-lasting traumatization due to the abuse.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff M.C. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9. Plaintiff M.C. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institution Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant Patrick Poole was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. Defendant Isaac Venegas was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

13. Defendant Darrell Smith was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity. He was known as "Dirty Dick" at the facility.

14. Defendant Ray Garcia was, at all times relevant hereto, the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

15. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff M.C. Plaintiff M.C. was dependent upon Defendant United States for her personal security and necessities.

16. In performing the acts and/or omissions contained herein, Defendants Poole, Venegas, and Smith acted under color of federal law, and Plaintiff M.C. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff M.C. Defendants United States and Garcia knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff M.C. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Garcia failed to take steps to protect Plaintiff M.C. and to ensure her rights to safety from sexual abuse.

**FACTS**

17. From September 2019 through March 2024, Plaintiff M.C. was incarcerated at FCI Dublin.

18. During that time, Plaintiff M.C. became intimately familiar with why it was known as "the Rape Club."

19. She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

20. Plaintiff M.C. began working in the kitchen shortly after arriving at FCI Dublin.

21. There, she worked under Defendant Poole and Officer Jones.

22. Defendant Poole initially began grooming Plaintiff M.C. by bringing her outside food and contraband and asking her personal questions about herself.

23. Beginning in 2020, Defendant Poole told Plaintiff M.C. that she needed to serve as a lookout for Officer Jones while Jones had sex with other prisoners.

24. Plaintiff M.C. was uncomfortable and frightened, but she felt like she could not say no since it was being treated as a direct order.

25. Eventually, Defendant Poole had her do the same for Officer Chavez.

26. Sometime towards the end of 2021, Plaintiff M.C. found herself alone in the bakery with Defendant Poole. He began kissing her on the mouth.

27. Following this encounter, Defendant Poole started to regularly come by Plaintiff M.C.'s unit to tell her goodnight.

28. By this point, Defendant Poole's manipulation of Plaintiff M.C. in the years past, including inducing her cooperation with contraband, made Plaintiff M.C. feel as if she could not say no to Defendant Poole.

29. Between the end of 2021 and the beginning of 2022, Officer Poole had sex with Plaintiff M.C., vaginally penetrating her with his penis on two occasions and forcing her to manually masturbate him once. On approximately five occasions, he digitally penetrated her.

30. During one of these assaults, he brought her to the staff bathroom, and in the others, he brought her to the warehouse.

31. He specifically brought her to areas of the facility where there were no visible cameras.

32. At the same time that Defendant Poole was grooming Plaintiff M.C., Defendant Venegas was abusing her.

33. Defendant Venegas forced Plaintiff M.C. and her then-roommate to have sex with one another for his own sexual gratification.

34. Defendant Venegas brought Plaintiff M.C.'s roommate contraband, such as jewelry, as an incentive to engage in sex with Plaintiff M.C.

35. He would then manipulate Plaintiff M.C. by telling her she had to participate because he had already "paid" for it.

36. Plaintiff M.C. acquiesced because she feared being punished by Defendant Venegas.

37. Defendant Venegas would then watch the two of them have sex.

38. This occurred almost every time that Officer Venegas was working when the two of them were still housed in the same cell.

*M.C. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 4

39. Throughout her incarceration, Defendant Smith would sexually harass Plaintiff M.C.

40. Defendant Smith would regularly watch Plaintiff M.C. when she was changing, pulling down the window cover she had up in her unit so he could see her naked.

41. In other instances, Defendant Smith would watch Plaintiff M.C. as she came out of the shower and would open the curtain while she was showering.

42. In one of these moments, he stood outside the curtain and was manually masturbating as he watched Plaintiff M.C. shower.

43. In another instance, in January 2021, he followed her to her cell after she was done showering and ordered her to show him her breasts. He would not leave until Plaintiff M.C. showed him her breasts, so she relented.

44. Plaintiff M.C. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

45. She continued having to interact with Defendants Poole, Venegas, and Smith, and was terrified every time.

46. Defendants Poole's, Venegas', and Smith's conduct towards Plaintiff M.C. and others was overt and obvious.

47. Defendant Garcia, acting as both the Warden of FCI Dublin and the PREA Coordinator, owed a duty to the prisoners in his custody to protect them from sexual violence.

48. Defendant Garcia knew, or should have known, that Defendants Poole, Venegas, and Smith were sexually abusing Plaintiff M.C.

49. Plaintiff M.C. lived in fear of Defendants Poole, Venegas, and Smith and experienced great anxiety, fear, shame, and embarrassment over what they did to her.

50. She never felt safe at FCI Dublin.

51. As a result of the abuse she experienced, Plaintiff M.C. engaged in self-harm behavior.

52. She has been able to see a therapist who has provided her with some help, but she is still navigating the PTSD, anxiety, fear, shame, self-harm, and embarrassment.

53. Plaintiff M.C. was in BOP custody until March 28, 2024.

## EXHAUSTION

54. On May 16, 2025, Plaintiff M.C., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

55. The BOP acknowledged receipt on May 22, 2025.

56. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

57. Plaintiff M.C. is entitled to equitable tolling for her FTCA Claim received by the BOP on May 16, 2025.

58. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

59. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

60. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

61. Plaintiff M.C. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

62. Because Plaintiff M.C. remained incarcerated within the BOP until March 2024, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

63.     A court-appointed Special Master confirmed that during the time of Plaintiff M.C.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[1]

64.     Plaintiff M.C. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

65.     Plaintiff M.C. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

66.     Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff M.C.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

67.     Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

68.     Plaintiff M.C. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Defendants Poole, Venegas, and Smith.

---

[1] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California, June 5, 2024.

*M.C. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 7

69. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

70. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

71. Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

72. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

73. Defendants Poole, Venegas, and Smith discriminated against Plaintiff M.C. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

74. By these acts, Defendants Poole, Venegas, and Smith caused Plaintiff M.C. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Poole, Venegas, and Smith)**
**(Cal. Civ. Code § 52.4)**

75. Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

76. Plaintiff M.C. brings this claim for gender violence under California Civil Code § 52.4 against Defendants Poole, Venegas, and Smith.

77. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

78. Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

79. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

80.     Plaintiff has a nonfrivolous argument that Defendants Poole, Venegas, and Smith bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

81.     Defendants Poole, Venegas, and Smith discriminated against Plaintiff M.C. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

82.     By these acts, Defendants Poole, Venegas, and Smith caused Plaintiff M.C. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

83.     Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

84.     Plaintiff M.C. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Defendants Poole, Venegas, and Smith.

85.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

86.     Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

87.     Defendants Poole, Venegas, and Smith violated Plaintiff M.C.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

88.     Defendants Poole's, Venegas', and Smith's sexual abuse of Plaintiff M.C. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

89.     Defendants Poole, Venegas, and Smith subjected Plaintiff M.C. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.C.'s person.

90.     By intentionally subjecting Plaintiff M.C. to sexual acts, Defendants Poole, Venegas, and Smith acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

91. By repeatedly subjecting Plaintiff M.C. to sexual acts, Defendants Poole, Venegas, and Smith caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendants Poole, Venegas, and Smith)**
**(California Common Law)**

92. Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

93. Plaintiff M.C. brings this claim for sexual assault for violation of her rights under California common law against Defendants Poole, Venegas, and Smith.

94. Defendants Poole, Venegas, and Smith violated Plaintiff M.C.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

95. Defendants Poole's, Venegas', and Smith's sexual abuse of Plaintiff M.C. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

96. Defendants Poole, Venegas, and Smith subjected Plaintiff M.C. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.C.'s person.

97. By intentionally subjecting Plaintiff M.C. to sexual acts, Defendants Poole, Venegas, and Smith acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

98. By repeatedly subjecting Plaintiff M.C. to sexual acts, Defendants Poole, Venegas, and Smith caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

99. Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

100.    Plaintiff M.C. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employee, Defendant Poole.

101.    This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

102.    His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

103.    Defendant Poole committed sexual battery against Plaintiff M.C. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

104.    The sexual abuse of Plaintiff M.C., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

105.    Defendant Poole subjected Plaintiff M.C. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.C.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant Poole)**
**(Cal. Civ. Code § 1708.5)**

106.    Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

107.    Plaintiff M.C. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendant Poole.

108.    Defendant Poole committed sexual battery against Plaintiff M.C. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

109.    The sexual abuse of Plaintiff M.C., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

110.    Defendant Poole subjected Plaintiff M.C. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff M.C.'s person.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

111.    Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

112.    Plaintiff M.C. brings this claim for the intentional infliction of emotional distress under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of Defendants Poole, Venegas, and Smith.

113.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

114.    Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

115.    Defendants Poole, Venegas, and Smith engaged in outrageous conduct by repeatedly subjecting Plaintiff M.C. to sexual acts while she was incarcerated as a prisoner in their employer's custody. They abused their authority over Plaintiff M.C. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

116.    Defendants Poole's, Venegas', and Smith's sexual abuse caused Plaintiff M.C. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

117.    Defendants Poole, Venegas, and Smith intended to cause Plaintiff M.C. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

### EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendants Poole, Venegas, and Smith)
### (California Common Law)

118.    Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

119. Plaintiff M.C. brings this claim for the intentional infliction of emotional distress under California common law against Defendants Poole, Venegas, and Smith.

120. Defendants Poole, Venegas, and Smith engaged in outrageous conduct by repeatedly subjecting Plaintiff M.C. to sexual acts while she was incarcerated as a prisoner in their employer's custody. They abused their authority over Plaintiff M.C. and their power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

121. Defendants Poole's, Venegas', and Smith's sexual abuse caused Plaintiff M.C. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

122. Defendants Poole, Venegas, and Smith intended to cause Plaintiff M.C. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**NINTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

123. Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

124. Plaintiff M.C. was in the custody and control of the United States during all relevant times.

125. Defendants Poole, Venegas, Smith, and Garcia violated Plaintiff M.C.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

126.     Defendant United States, by the actions of its employees Poole, Venegas, Smith, and Garcia, interfered with Plaintiff M.C.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

127.     As a proximate result of these acts, Plaintiff M.C. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

128.     Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

129.     Defendants Poole, Venegas, and Smith knowingly recruited, enticed, and solicited Plaintiff M.C. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

130.     Defendants Poole, Venegas, and Smith made Plaintiff M.C. engage in sex acts through force and coercion.

131.     Defendant Garcia knew of, or should have reasonably known, that Defendants Poole, Venegas, and Smith were soliciting Plaintiff M.C. in exchange for sex acts, and benefited by failing to protect Plaintiff M.C.

132.     Defendant United States knew of, or should have reasonably known, that Defendants Poole, Venegas, and Smith were soliciting Plaintiff M.C. in exchange for sex acts, and benefited by failing to protect Plaintiff M.C.

133.     This conduct has caused Plaintiff M.C. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

*M.C. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 14

## ELEVENTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

134. Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

135. Defendants Poole, Venegas, and Smith knowingly recruited, enticed, and solicited Plaintiff M.C. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

136. Defendants Poole, Venegas, and Smith made Plaintiff M.C. engage in sex acts through force and coercion.

137. Defendant Garcia knew or should have known that Defendants Poole, Venegas, and Smith were engaged in these activities and intentionally placed Plaintiff M.C. at greater risk of harm and/or failed to act in a manner that protected Plaintiff M.C. from harm.

138. Defendant United States employed Defendants Poole, Venegas, Smith, and Garcia, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

139. This conduct has caused Plaintiff M.C. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## TWELFTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendants Poole, Venegas, Smith, and Garcia)
### (Cal. Civ. Code § 52.5)

140. Plaintiff M.C. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

141. Defendants Poole, Venegas, and Smith knowingly recruited, enticed, and solicited Plaintiff M.C. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

142. Defendants Poole, Venegas, and Smith made Plaintiff M.C. engage in sex acts through force and coercion.

143. Defendant Garcia knew or should have known that Defendants Poole, Venegas, and Smith were engaged in these activities and intentionally placed Plaintiff M.C. in greater risk of harm and/or failed to act in a manner that protected Plaintiff M.C. from harm.

144. This conduct has caused Plaintiff M.C. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

145. Plaintiff M.C. prays for judgment against Defendant, and each of them, as follows:

(a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff M.C. in an amount to be determined at trial;

(b) An award to Plaintiff M.C. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c) For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff M.C. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 26, 2026            SIEGEL, YEE, BRUNNER & MEHTA

By:_____
        EmilyRose Johns


GOLDEN LAW


By: /s/ *Deborah M. Golden*
        Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*

*M.C. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 16